IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                    ORDER

        v.                           05-cr-34-bbc-01

ROMEL A. REY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Romel A. Rey's supervised release was held on April 12, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Elizabeth G. Altman. Defendant was present in person and by counsel Jack Hoag. Also present was Senior U.S. Probation Officer Helen Healy Raatz.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on September 20, 2005, following his conviction for possess with intent to distribute five grams or more of a mixture or substance containing cocaine base, a Schedule II controlled substance, in

violation of 21 U.S.C. § 841(a)(1). This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 120 months, with a 60-month term of supervised release to follow. On November 3, 2005, defendant's custodial sentence was reduced to 90 months' imprisonment. On March 11, 2008, his custodial sentence was reduced to 75 months' imprisonment.

Defendant began his term of supervised release on August 9, 2010.

Defendant violated Standard Condition No. 6, requiring him to notify the probation officer at least ten days prior to any changes in residence, when his whereabouts became unknown after he had several unstable living arrangements. On November 23 and December 31, 2011, defendant violated Special Condition No. 4, requiring him to abstain from the use of illegal drugs, when he smoked marijuana. Defendant violated Standard Condition No. 2, requiring him to submit a truthful and complete written report within the first five days of the month, when he failed to submit written monthly reports from April 2011 through February 2012. Defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime and Standard Condition No. 11, requiring him to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer, when he committed numerous traffic violations and failed to inform his supervising probation officer of any law enforcement contact.

Defendant's conduct falls into the category of Grade C violations.

Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 60-month term of supervised release originally imposed on defendant on September 20, 2005, will be revoked.

Defendant's criminal history category is IV. With Grade C violations, defendant has an advisory guideline term of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which a defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the guideline range. The purpose of this sentence is to hold defendant accountable for his violations.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 20, 2005, and affirmed on November 3, 2005, and March 11, 2008, is

REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months with a 24-month term of supervised release to follow. All terms and conditions previously imposed will remain in effect, with the addition of the following condition:

Special Condition No. 6: Spend up to 180 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Entered this 12th day of April, 2012.

BY THE COURT:
/s/
Barbara B. Crabb
District Judge